## KENDALL B. RANDOLPH, Respondent, v. ST. JOSEPH GAS COMPANY, Appellant.

Kansas City Court of Appeals, April 29, 1918.

1. **MANDATORY INJUNCTION: Equity: Submission of Issue of Fact to Jury.** Plaintiff refused to pay a gas bill claiming that it was exorbitant. Defendant thereupon shut off his gas. Plaintiff then applied for and obtained a restraining order which afterward became a temporary injunction. Thereafter defendant filed an answer to the merits and the court then made an order that issues of fact be framed between plaintiff and defendant for submission to the jury. Defendant declined to do this and the court thereupon ordered the temporary injunction made permanent. It was *held*, that the trial court erred in rendering judgment against defendant without a hearing.

2. ———: **Framing Issue of Fact for Jury: Equity.** Issues of fact for submission to a jury in equity cases may be prepared by the court, or counsel under the direction of the court, or may be prepared by counsel and submitted to the court for approval and where the court directs counsel to prepare such issues it is their duty to make a bona-fide effort to comply.

Appeal from Buchanan Circuit Court.—*Hon. William H. Utz*, Judge.

REVERSED AND REMANDED.

*William E. Stringfellow* for appellant.

*Lewis F. Randolph* for respondent.

BLAND, J.—Defendant was a Gas Company distributing gas in the city of St. Joseph, Missouri, and plaintiff was a consumer of defendant's gas. Defendant rendered plaintiff a bill for gas consumed in November, 1916, which plaintiff contended was exorbitant, and upon his refusal to pay the same the defendant shut off his gas. Thereupon plaintiff filed a petition in the circuit court of Buchanan County praying that a madatory injunction be issued restraining the defendant from refusing to furnish gas to plaintiff and requiring defendant to restore gas to plaintiff's premises. A temporary restraining order was issued against the defendant which afterwards became a temporary injunction.

On March 14, 1917, defendant filed an answer to the merits and on March 29, 1917, the court ordered "that issues be framed between plaintiff and defendant, to be submitted to a jury for their findings and advice as to what amount, if any, is owing by plaintiff to defendant on the gas bill mentioned in the pleadings.

Now here in open court the defendant declines to frame an issue for a jury, as required by the above order of this court, and defendant suggests to the court that such order by the court is in excess of the court's jurisdiction and the court orders this cause continued until the next May term of this court, and pending said proceedings the injunction heretofore granted shall remain in force."

And afterwards the defendant took a change of venue and the case was transferred to Division 3, of the circuit court of Buchanan county, whereupon the following proceedings were had:

"Now on this 23rd day of November, 1917, this cause coming on regularly to be heard in Division 3 of the cir-

cuit court of Buchanan county, Missouri, the defendant files a paper purporting to be an issue under the order of Division No. 1 of the circuit court, of Buchanan county Missouri, heretofore made; and comes now the plaintiff and files his motion to strike out said paper, with said motion, by agreement of parties, is by the court taken up, seen, heard, read and sustained, and the defendant thereupon in open court declining to plead further, or to frame an issue to be tried by a jury, in accordance with the order of the court heretofore made, it is ordered that the temporary injunction heretofore granted is by the court made permanent.''

In an equity case the court has power to submit an issue of fact to the jury. The issue to be so submitted may be prepared by the court, or by counsel under the direction of the court, or may be prepared by counsel and submitted to the court for approval, (2 Ency. of Pleadings and Practice, 667) and we think that where the court directs counsel to prepare an issue it is the duty of counsel to make a bona-fide effect to comply with the direction. The case evidently was tried on the theory that it was the defendant who was ordered to prepare the issue so we will decide the case here upon that theory.

It seems to be conceded by the parties that the only theory upon which the court could have taken the drastic action of rendering judgment against the defendant without a hearing was that the defendant in refusing to frame a further issue was guilty of contempt of court. Whether it is true that a party who has been adjudged as in contempt in disobeying the order of a court of competent jurisdiction can have no standing in that court for any purpose in the absence of a statue on the subject, is a question upon which the courts of this country are not entirely in accord (see Hovey v. Elliott, 167 U. S. 409), and upon which we do not rule. Whether a party may be so punished for the misconduct of his attorney is even a more serious question. But the right of a party to be heard, either in a civil or a criminal action, is a high one and the grounds

upon which he is deprived of it must clearly appear from the record and must not be left in doubt or to inference. We do not pass upon the question as to whether defendant could be adjudged as in contempt of court for the failure to prepare an issue at the direction of the court, as the record in this case does not show any adjudication that defendant was in contempt of court, nor does it show that the court found defendant in contempt. Uner such circumstances the action of the trial court in rendering judgment against the defendant without a hearing cannot be upheld. [Andrews v. Knox County, 70 Ill. 65.] Of course we do not mean to intimate that in any event judgment could be rendered in favor of plaintiff without he first prove up his case, if the burden of evidence is upon plaintiff.

As this case must be retried, we may say in passing that we cannot see any good reason why the court and counsel cannot agree upon a satisfactory issue to be submitted to the jury upon an issue so simple.

The judgment is reversed and the cause remanded. All concur.